# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY M. ZECCHINO,

    Plaintiff(s),

v.

JACOB J. LEW,

    Defendant(s).

2:13-CV-205 JCM (CWH)

**ORDER**

Presently before the court is plaintiff Anthony Zecchino's motion for leave to file a second amended complaint. (Doc. # 20). Defendant Lew has responded (doc. # 24) and plaintiff has not replied.

Also before the court is defendant's motion to dismiss. (Doc. # 9). Plaintiff has responded (doc. # 21) and defendant has replied (doc. # 23).

**I.    Background**

This matter arises out of the alleged discrimination against plaintiff Anthony Zecchino by his employer, the Internal Revenue Service ("IRS"). Plaintiff alleges that he has been discriminated against on the basis of his national origin (Italian) and due to his disabilities (severe depression and anxiety). Plaintiff further alleges that he has been retaliated against for making equal opportunity claims ("EEO complaints"). In particular, plaintiff asserts he was subject to a "humiliating demotion" when he was reassigned to man a kiosk. In addition, plaintiff alleges that when he attempted to transfer to another IRS office outside of Nevada, a management employee ("Carey")

**James C. Mahan**
**U.S. District Judge**

1   actively attempted to thwart those opportunities.

2   According to plaintiff, Carey referred him to the Treasury Inspector General for the Tax
3   Administration ("TIGTA") and the United States Attorney for the District of Nevada ("USAO") for
4   criminal prosecution based upon his EEO complaints. Plaintiff alleges that the USAO, at the urging
5   of the IRS, sent him a criminal "target letter" in an effort to intimidate him into abandoning his
6   lawsuit. The target letter apparently alerts plaintiff that he may be investigated relating to allegations
7   of theft of government funds.

**II.   Legal Standard**

In federal court, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.[1]

**III.   Discussion**

*A.    Motion for leave to amend*

The proposed amended complaint contains the following causes of action: (1) national origin discrimination; (2) disability discrimination; and (3) retaliation/reprisal.

Defendant has indicated it has no objection to the filing of the proposed first and second causes of action. However, defendant asserts that the third cause of action for retaliation is, at least in part, legally deficient, and that the court should deny leave to file this claim because amendment would be futile.

With this claim plaintiff alleges that the IRS has retaliated against him by (1) refusing to

---

[1] In addition to the Rule 15 requirements, the local rules require a plaintiff to submit a proposed, amended complaint along with its motion to amend. LR 15-1(a). Plaintiff has complied with this rule by attaching a proposed amended complaint.

**James C. Mahan**
**U.S. District Judge**

1 remove him from a hostile work environment despite having knowledge of his severe anxiety and
2 depression; (2) thwarting his efforts to transfer to another IRS office; and (3) coordinating the
3 criminal investigation/prosecution of plaintiff with the TIGTA and/or the USAO after he raised his
4 discrimination concerns.  The parties dispute the viability of the third portion of this retaliation
5 claim.

6      The Ninth Circuit has recognized multiple tests for determining whether or not there exists
7 an employee/employer relationship for purposes of Title VII.  *See, e.g., Nationwide Mutual*
8 *Insurance Co. v. Darden*, 503 U.S. 318 (1992)(recognizing the common law agency test); *Adcock*
9 *v. Chrysler Corp.*, 166 F.3d 1290 (9th Cir. 1999)(recognizing the economic realities test); *Lutcher*
10 *v. Musicians Union Local 47*, 633 F.2d 880 (9th Cir. 1980)(recognizing the common law hybrid
11 test).  In reality, "there is no functional difference between the three formulations." *Murray v.*
12 *Principal Financial Group, Inc.*, 613 F.3d 943, 945 (9th Cir. 2010).  Under any test, the court is
13 required to evaluate "the hiring party's right to control the manner and means by which the product
14 is accomplished."  *Id.* at 945 (quoting *Darden*, 503 U.S. at 323).

15      In the instant case, it is undisputed that plaintiff is employed by the IRS.  Plaintiff has not
16 alleged that he is employed by either the TIGTA or the USAO.  Plaintiff instead argues that the
17 actions of TIGTA and the USAO may be considered as adverse employment actions, relying on the
18 out-of-circuit case of *Roberson v. Snow*, 404 F.Supp.2d 79 (D.D.C. 2005).  In *Roberson*, the district
19 court held that the IRS' act of initiating an investigation which resulted in the *arrest and criminal*
20 *prosecution* of that plaintiff constituted adverse personnel actions.  *See id.* at 93-94.  Notably, that
21 court indicated that an internal investigation, police complaint, or police report (without more) will
22 generally not qualify as adverse action.  *Id.*

23      In the instant case, plaintiff has not been arrested or prosecuted as a result of his employer's
24 actions.  On that basis, the *Roberson* opinion is distinguishable.  In any event, that decision is not
25 binding on this court, and plaintiff has failed to present any controlling authority in support of this
26 particular argument.  The court declines to expand the scope of the employer/employee relationship
27 to include actions taken by agencies that are not the individual's actual employer and do not maintain
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

control over the plaintiff's employment.

Because plaintiff is not employed by either the TIGTA or the USAO, their actions cannot be considered as adverse employment actions as to plaintiff. The portion(s) of the proposed third cause of action which deal with the TIGTA's referral to the USAO and the USAO's target letter to plaintiff as adverse employment actions attributable to the IRS are dismissed. The portion of the proposed third cause of action that relates to the IRS initially alerting TIGTA to investigate plaintiff may stand.

### B.    Motion to dismiss

Defendant filed the instant motion to dismiss prior to the filing of the motion to amend the complaint. Because this order grants plaintiff's motion to file the amended complaint in part, defendant's motion to dismiss is denied without prejudice. *Johnson v. Cheryl,* 2013 WL 3943606, at *2 (D. Nev. 2013)("If a litigant files an amended pleading, then motions to dismiss the original complaint are mooted without prejudice.").

## IV.    Conclusion

The court accepts plaintiff's first and section causes of action as proposed. With respect to the third cause of action, the actions of the TIGTA and the USAO cannot be considered as adverse employment actions by the IRS. The portion of the claim that relates to the IRS' initial decision to alert TIGTA to the plaintiff may stand.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for leave to file an amended complaint (doc. # 20) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing. Plaintiff is order to revise the proposed amended complaint in accordance with this order and re-file.

IT IS FURTHER ORDERED that plaintiff shall file the proposed amended complaint as modified by this order within seven (7) days of the issuance of this order.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. # 9) be, and the same
2 hereby is, DENIED without prejudice.
3    DATED March 13, 2014.

*/s/ James C. Mahan*
_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -