1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

ANTHONY M. ZECCHINO,                    2:13-CV-205 JCM (CWH)

9                    Plaintiff(s),

10     v.

11     JACOB J. LEW,

12                    Defendant(s).

13

14                              **ORDER**

15          Presently before the court is plaintiff Anthony Zecchino's motion for leave to file a second

16     amended complaint.  (Doc. # 20).  Defendant Lew has responded (doc. # 24) and plaintiff has not

17     replied.

18          Also before the court is defendant's motion to dismiss.  (Doc. # 9).  Plaintiff has responded

19     (doc. # 21) and defendant has replied (doc. # 23).

20     **I.     Background**

21          This matter arises out of the alleged discrimination against plaintiff Anthony Zecchino by

22     his employer, the Internal Revenue Service ("IRS").  Plaintiff alleges that he has been discriminated

23     against on the basis of his national origin (Italian) and due to his disabilities (severe depression and

24     anxiety).  Plaintiff further alleges that he has been retaliated against for making equal opportunity

25     claims ("EEO complaints").   In particular, plaintiff asserts he was subject to a "humiliating

26     demotion" when he was reassigned to man a kiosk.  In addition, plaintiff alleges that when he

27     attempted to transfer to another IRS office outside of Nevada, a management employee ("Carey")

28

**James C. Mahan**
**U.S. District Judge**

1  actively attempted to thwart those opportunities.

2       According to plaintiff, Carey referred him to the Treasury Inspector General for the Tax

3  Administration ("TIGTA") and the United States Attorney for the District of Nevada ("USAO") for

4  criminal prosecution based upon his EEO complaints.  Plaintiff alleges that the USAO, at the urging

5  of the IRS, sent him a criminal "target letter" in an effort to intimidate him into abandoning his

6  lawsuit.  The target letter apparently alerts plaintiff that he may be investigated relating to allegations

7  of theft of government funds.

8  **II.    Legal Standard**

9       In federal court, leave to amend "shall be freely given when justice so requires." Fed. R. Civ.

10 P. 15(a).  The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district

11 courts must apply when granting such leave.  In *Foman v. Davis,* 371 U.S. 178 (1962), the Court

12 explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or

13 dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

14 previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

15 futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

16 at 182.[1]

17 **III.   Discussion**

18       *A.    Motion for leave to amend*

19       The proposed amended complaint contains the following causes of action: (1) national origin

20 discrimination; (2) disability discrimination; and (3) retaliation/reprisal.

21       Defendant has indicated it has no objection to the filing of the proposed first and second

22 causes of action.  However, defendant asserts that the third cause of action for retaliation is, at least

23 in part, legally deficient, and that the court should deny leave to file this claim because amendment

24 would be futile.

25       With this claim plaintiff alleges that the IRS has retaliated against him by (1) refusing to

26

27       [1]  In addition to the Rule 15 requirements, the local rules require a plaintiff to submit a proposed, amended
complaint along with its motion to amend.  LR 15-1(a).  Plaintiff has complied with this rule by attaching a proposed

28 amended complaint.

1    remove him from a hostile work environment despite having knowledge of his severe anxiety and

2    depression; (2) thwarting his efforts to transfer to another IRS office; and (3) coordinating the

3    criminal investigation/prosecution of plaintiff with the TIGTA and/or the USAO after he raised his

4    discrimination concerns.  The parties dispute the viability of the third portion of this retaliation

5    claim.

6         The Ninth Circuit has recognized multiple tests for determining whether or not there exists

7    an employee/employer relationship for purposes of Title VII.  *See, e.g., Nationwide Mutual*

8    *Insurance Co. v. Darden*, 503 U.S. 318 (1992)(recognizing the common law agency test); *Adcock*

9    *v. Chrysler Corp.*, 166 F.3d 1290 (9th Cir. 1999)(recognizing the economic realities test); *Lutcher*

10   *v. Musicians Union Local 47*, 633 F.2d 880 (9th Cir. 1980)(recognizing the common law hybrid

11   test).  In reality, "there is no functional difference between the three formulations."  *Murray v.*

12   *Principal Financial Group, Inc.*, 613 F.3d 943, 945 (9th Cir. 2010).  Under any test, the court is

13   required to evaluate "the hiring party's right to control the manner and means by which the product

14   is accomplished."  *Id.* at 945 (quoting *Darden*, 503 U.S. at 323).

15        In the instant case, it is undisputed that plaintiff is employed by the IRS.  Plaintiff has not

16   alleged that he is employed by either the TIGTA or the USAO.  Plaintiff instead argues that the

17   actions of TIGTA and the USAO may be considered as adverse employment actions, relying on the

18   out-of-circuit case of *Roberson v. Snow*, 404 F.Supp.2d 79 (D.D.C. 2005).  In *Roberson*, the district

19   court held that the IRS' act of initiating an investigation which resulted in the *arrest and criminal*

20   *prosecution* of that plaintiff constituted adverse personnel actions.  *See id.* at 93-94.  Notably, that

21   court indicated that an internal investigation, police complaint, or police report (without more) will

22   generally not qualify as adverse action.  *Id.*

23        In the instant case, plaintiff has not been arrested or prosecuted as a result of his employer's

24   actions.  On that basis, the *Roberson* opinion is distinguishable.  In any event, that decision is not

25   binding on this court, and plaintiff has failed to present any controlling authority in support of this

26   particular argument.  The court declines to expand the scope of the employer/employee relationship

27   to include actions taken by agencies that are not the individual's actual employer and do not maintain

28

**James C. Mahan**
**U.S. District Judge**

1  control over the plaintiff's employment.

2       Because plaintiff is not employed by either the TIGTA or the USAO, their actions cannot be

3  considered as adverse employment actions as to plaintiff.  The portion(s) of the proposed third cause

4  of action which deal with the TIGTA's referral to the USAO and the USAO's target letter to plaintiff

5  as adverse employment actions attributable to the IRS are dismissed.  The portion of the proposed

6  third cause of action that relates to the IRS initially alerting TIGTA to investigate plaintiff may stand.

7       **B.**   *Motion to dismiss*

8       Defendant filed the instant motion to dismiss prior to the filing of the motion to amend the

9  complaint.  Because this order grants plaintiff's motion to file the amended complaint in part,

10  defendant's motion to dismiss is denied without prejudice.  *Johnson v. Cheryl,* 2013 WL 3943606,

11  at *2 (D. Nev. 2013)("If a litigant files an amended pleading, then motions to dismiss the original

12  complaint are mooted without prejudice.").

13  **IV.    Conclusion**

14       The court accepts plaintiff's first and section causes of action as proposed.  With respect to

15  the third cause of action, the actions of the TIGTA and the USAO cannot be considered as adverse

16  employment actions by the IRS.  The portion of the claim that relates to the IRS' initial decision to

17  alert TIGTA to the plaintiff may stand.

18       Accordingly,

19       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for leave

20  to file an amended complaint (doc. # 20) be, and the same hereby is, GRANTED in part and

21  DENIED in part, consistent with the foregoing.  Plaintiff is order to revise the proposed amended

22  complaint in accordance with this order and re-file.

23       IT IS FURTHER ORDERED that plaintiff shall file the proposed amended complaint as

24  modified by this order within seven (7) days of the issuance of this order.

25  . . .

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1      IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. # 9) be, and the same

2   hereby is, DENIED without prejudice.

3      DATED March 13, 2014.

4

5      _____
       **UNITED STATES DISTRICT JUDGE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28